UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLANTIC-WOBURN/DELAWARE I LLC,<br><br>Plaintiff,<br><br>v.<br><br>DOOR TO DOOR STORAGE, INC.,<br><br>Defendant. | C.A. No. _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Door to Door Storage, Inc. ("Door to Door"), by and through its counsel, hereby gives notice of its removal of this civil action from the Superior Court for the Commonwealth of Massachusetts, Middlesex Division, to the United States District Court for the District of Massachusetts.  The grounds for removal are diversity jurisdiction, as follows:

1. On or about June 18, 2014, Plaintiff Atlantic-Woburn/Delaware I LLC ("AWD") initiated a civil action in the Superior Court for the Commonwealth of Massachusetts, Middlesex County, entitled *Atlantic-Woburn/Delaware I LLC v. Door to Door Storage, Inc.*, Civil Action No. MICV2014-5628 (the "State Court Action").  A copy of the Complaint that was filed in the state court action is attached as Exhibit 1.

2. Pursuant to 28 U.S.C. § 1332(a), there is complete diversity between AWD and Door to Door.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Door to Door is a Washington corporation with its principal place of business in Kent, Washington.  AWD is a Delaware Limited Liability Company with its principal place of business in Framingham, Massachusetts.

3. Door to Door received a copy of the Complaint in the state court action on or about July 10, 2014. This Notice of Removal is being filed within 30 days of that date, in accordance with 28 U.S.C. § 1446(b). No other process, pleadings or orders have been served upon Door to Door in the state court action.

4. Pursuant to 28 U.S.C. § 1446(d), Door to Door shall promptly give written notice to all adverse parties and file a copy of this Notice of Removal with the Superior Court for the Commonwealth of Massachusetts, Middlesex County. Attached hereto as <u>Exhibit 2</u> is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Middlesex County Superior Court.

WHEREFORE, Door to Door respectfully requests that this civil action be removed to this Court and that this Court maintain jurisdiction over this action, as provided by law.

Respectfully submitted,

**DOOR TO DOOR STORAGE, INC.**,

By its counsel,

DATED:  August 4, 2014

/s/ Jason W. Morgan
Jason W. Morgan (BBO #633802)
jmorgan@dtm-law.com
A. Alexander Weisheit (BBO #682323)
aweisheit@dtm-law.com
**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200

- 3 -

## CERTIFICATE OF SERVICE

      I, Jason W. Morgan, hereby certify that on August 4, 2014, I served a true and correct copy of the foregoing, by Federal Express and electronic mail, to counsel for Atlantic-Woburn/Delaware I LLC, Robert P. Jachowicz, Esq., Mayer, Antonellis, Jachowicz & Haranas, LLP, 439 Worcester Road, Framingham, Massachusetts 01701.

                                     /s/ Jason W. Morgan
                                       Jason W. Morgan

# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT DEPARTMENT
SUPERIOR COURT DEPARTMENT

MIDDLESEX, SS.                                C.A. NO. MICV 2014 5628

ATLANTIC-WOBURN/DELAWARE I LLC,
Plaintiff

VS.                                           **COMPLAINT**

DOOR TO DOOR STORAGE, INC,
Defendant

This is an action for money due under a written contract. This court has jurisdiction over this action pursuant to G.L.M. c. 212 § 4 and G.L.M. c. 214 §1.

This court is the proper venue for this action pursuant to G.L.M. c. 223 § 8.

## PARTIES

1. The Plaintiff, Atlantic-Woburn/Delaware I LLC (hereinafter "AWD") is a Delaware Limited Liability Company with a usual place of business at 205 Newbury Street, Framingham, Middlesex County, Massachusetts.

2. The Defendant, Door to Door Storage, Inc (hereinafter "Door To Door") is a Washington Corporation, whose address is 20425 72nd Ave. So. Suite 220 Kent, WA that rented approximately 30,000 square feet of space at 205 Wildwood Avenue, Woburn, Middlesex County, Massachusetts.

## FACTS

3. Door to Door leased commercial space from AWD pursuant to a written Sublease Agreement with RIS Paper Company.

4. The term of the sublease was from January 1, 2011 to September 30, 2014.

5. Door to Door vacated the premises by April 30, 2014.

6. The monthly rent is approximately $22,433.00 so the unpaid monthly rent from May 1, 2014 through September 30, 2014, the end of the term is about $112,215.00.

7. The provisions of the lease between AWD and RIS Paper Company are incorporated in the sublease.

1

8. The Sublease terminates automatically as of the date prior to the date the lease between AWD and RIS Paper Company terminates.

9. AWD entered into a lease termination agreement effective December 31, 2013 with the successor in interest to RIS Paper Company.

10. The lease termination agreement did not terminate the sublease, and Door to Door remains liable for the unpaid rent through the end of the term.

11. If the sublease is found to have terminated as a result of the AWD-RIS Paper Company lease termination agreement, and Door to Door remained in possession after that date, then the lease provides that their rent is 200% of the lease rent, or approximately $44,866.00 per month for January to April 2014, leaving a balance due of about $89,732.00.

## Count 1 – Breach of Contract

12. Door to Door breached the lease by failing to pay rent due and payable.

13. Door to Door owes AWD damages in accordance with the lease for rent, costs and attorney's fees.

Wherefore the Plaintiff demands judgment in an amount to be determined at trial, plus interest and costs.

## Count 2-Good Faith and Fair Dealing

14. Door to Door's conduct breached the covenant of good faith and fair dealing.

15. AWD has been damaged and Door to Door is liable to AWD for its damages as a result of its breach of the covenant of good faith and fair dealing, including interest, attorney's fees, costs and expenses of collection.

2

Atlantic-Woburn/Delaware I Realty, LLC<br>
By Its Attorneys,<br>
Mayer, Antonellis, Jachowicz & Haranas, LLP

By: _____

Robert P. Jachowicz, Esquire<br>
BBO# 248380<br>
439 Worcester Road<br>
Framingham, MA 01701<br>
508-620-0140<br>
rjachowicz@hkwg.com

DATE: June 18, 2014

3

# Exhibit 2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: MICV2014-5628

ATLANTIC-WOBURN/DELAWARE I, LLC,

Plaintiff,

v.

DOOR TO DOOR STORAGE, INC.,

Defendant.

## NOTICE OF FILING NOTICE REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Door to Door Storage, Inc. ("Door to Door") hereby gives notice to the Superior Court of the Commonwealth of Massachusetts, Middlesex County, and to counsel for Plaintiff Atlantic-Woburn/Delaware I, LLC that Door to Door has filed a Notice of Removal with the United States District Court for the District of Massachusetts. A copy of the Notice of Removal (without the attached state court Complaint) is attached hereto as Exhibit A.

Respectfully submitted,

**DOOR TO DOOR STORAGE, INC.,**

By its counsel,

DATED: August 4, 2014

Jason W. Morgan (BBO #633802)
jmorgan@dtm-law.com
A. Alexander Weisheit (BBO #682323)
aweisheit@dtm-law.com
**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel: (781) 749-7200

- 2 -

## CERTIFICATE OF SERVICE

    I, Jason W. Morgan, hereby certify that on August 4, 2014, I served a true and correct copy of the foregoing, by Federal Express and electronic mail, to counsel for Atlantic-Woburn/Delaware I LLC, Robert P. Jachowicz, Esq., Mayer, Antonellis, Jachowicz & Haranas, LLP, 439 Worcester Road, Framingham, Massachusetts 01701.

                                                                               Jason W. Morgan