UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ATLANTIC-WOBURN/DELAWARE I LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 14-13211-LTS |
| DOOR TO DOOR STORAGE, INC., | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PLAINTIFF'S MOTION TO REMAND

August 26, 2014

SOROKIN, D.J.

Plaintiff Atlantic-Woburn/Delaware I LLC brought this action for breach of contract and breach of the covenant of good faith and fair dealing in Massachusetts state court. Defendant Door to Door Storage, Inc. removed the case to this Court on the basis of diversity jurisdiction. The plaintiff has moved to remand this action to state court and to amend its Complaint to clarify its damages. For the reasons set forth below, the Motion to Remand, Doc. No. 10, is DENIED and the Motion to Amend, Doc. No. 11, is ALLOWED.

DISCUSSION

The Complaint, filed in state court, sought recovery of more than $112,000 in allegedly unpaid rent. Doc. No. 1 at 5. Now the plaintiff seeks to amend its Complaint by alleging more than $38,000 in mitigation of the originally stated amount in damages, reducing its damages to slightly more than $74,000. Doc. No. 11. The plaintiff argues that removal was improper

because the amount in controversy at the time of removal did not exceed $75,000, as damages were mitigated after the Complaint was filed in state court but before removal to this Court.[1]

The argument that the Court should look to the plaintiff's proposed amended complaint is squarely foreclosed by the Supreme Court's decision in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), regardless of whether the proposed amended complaint would better accord with the facts. In that case, the Court stated:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

Id. at 294. The reasoning in St. Paul has not lost any vitality for its age. See Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 5 n.4 (1st Cir. 1995) (citing the above-quoted excerpt in a jurisdictional dispute).

Here, the plaintiff's Complaint in state court claimed damages in excess of $75,000. If the plaintiff wished to avoid litigating this action in federal court, the time to amend its pleadings to comport with the facts was prior to the filing of the notice of removal. See St. Paul, 303 U.S. at 294 n.25. Once removed, the plaintiff cannot stipulate or amend its way back to state court, even though the amendment may concern events occurring before removal. See id. at 291-92; Coventry Sewage, 71 F.3d at 5 n.4.

---

[1] The plaintiff concedes that the diversity of citizenship requirement is satisfied.

Accordingly, the plaintiff's Motion to Remand, Doc. No. 10, is DENIED. The plaintiff's Motion to Amend, Doc. No. 11, is ALLOWED as a matter of course, coming, as it does, within twenty-one days after the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1)(B).

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge